# In the United States Court of Federal Claims

No. 12-181 T

(Filed August 7, 2013)

```
* * * * * * * * * * * * * * * * * * * *
DONNA EBEYER AND GLEN          *
EBEYER,                        *
                               *
            Plaintiffs,        *
                               *
      v.                       *
                               *
THE UNITED STATES,             *
                               *
            Defendant.         *
* * * * * * * * * * * * * * * * * * * *
```

## ORDER

      Now pending before the court is defendant's Motion to Dismiss plaintiffs' tax refund claim pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC). Defendant's motion has been fully briefed and is ripe for a decision by the court. For the reasons specified below, the court denies defendant's motion to dismiss and will allow the government an opportunity to advance its contentions under 26 U.S.C. § 6511(b)(2)(A) (2006) by filing a motion for summary judgment under RCFC 56.

      In its motion, defendant contends that plaintiffs' refund claim is barred under section 6511(b)(2)(A), and, therefore, the court lacks subject matter jurisdiction over plaintiffs' claim. Section 6511(b)(2)(A) limits the Ebeyers' available refund to the portion of their 2006 tax "paid" during the period "immediately preceding the filing of the claim . . . equal to 3 years plus the period of any extension of time for filing the return." On their 2006 federal income tax return, plaintiffs reported $12,298 of income tax withholdings for tax year 2006. Def.'s Mot. App. E, Ex. 1 at E5, line 64. Plaintiffs are deemed to have "paid" these withholdings on April 15, 2007, *i.e.*, "the 15th day of the fourth month following the close of [their 2006] taxable year." 26 U.S.C. § 6513(b)(1) (2006)

("Any tax actually deducted and withheld at the source during any calendar year . . . shall, in respect of the recipient of the income, be deemed to have been paid by him on the 15th day of the fourth month following the close of his taxable year . . . ."); *Baral v. United States*, 528 U.S. 431, 434-36 (2000) (holding, *inter alia*, that remittance by a taxpayer's employer of withholding tax is deemed "paid," for the purposes of section 6511(b)(2)(A), on the due date of the taxpayer's income tax return). However, a three-year look-back period under section 6511(b)(2)(A), running backward from the filing of plaintiffs' refund claim on October 14, 2010, only extended to October 14, 2007. It is undisputed that section 6511(b)(2)(A) bars the Ebeyers' refund claim unless they were granted at least a six-month extension of time to file their 2006 federal income tax return. The parties' sole dispute, therefore, is whether plaintiffs requested and were granted such an extension.

In its motion, defendant urges the court to hold that section 6511(b)(2)(A) presents a jurisdictional bar to recovery, and that a plaintiff whose recovery is barred by section 6511(b)(2)(A) has failed to establish subject matter jurisdiction for his or her suit. Def.'s Mot. at 3-12. Plaintiffs apparently do not contest the government's position in this regard. Pl.'s Resp. at 2 ("For the purposes of this motion, the plaintiffs have no problem with the characterization of [§ 6511(b)] as jurisdictional."). In addressing this issue, the court is mindful of the Federal Circuit's recent admonition that "[m]astering the distinction between a dismissal for lack of jurisdiction and a dismissal on the merits is not merely an intellectual exercise without practical utility." *Engage Learning, Inc. v. Salazar*, 660 F.3d 1346, 1355 (Fed. Cir. 2011) (citation and internal quotation marks omitted). This is because "a dismissal on the merits usually carries *res judicata* effect whereas a dismissal for lack of jurisdiction typically does not," and, further, "a court's characterization of a decision as jurisdictional rather than as on the merits affects its treatment of disputed facts." *Id.* For example, unlike motions to dismiss for failure to state a claim or motions for summary judgment, motions to dismiss for want of subject matter jurisdiction permit courts to "inquire into jurisdictional facts that are disputed" and resolve such disputes through findings of fact. *Rocovich v. United States*, 933 F.2d 991, 993 (Fed. Cir. 1991); *see also Engage Learning*, 660 F.3d at 1355 ("[D]isputed facts outside the pleadings are subject to the fact finding of the court.").

As defendant has noted, in the past this court has issued divergent opinions regarding the issue of whether the look-back period limitation set forth in section

2

6511(b)(2)(A) is jurisdictional.  Several decisions of this court have held that a plaintiff whose recovery is barred by section 6511(b)(2)(A) has failed to establish subject matter jurisdiction for his or her suit.  *E.g.*, *Plati v. United States*, 99 Fed. Cl. 634, 641 (2011) (citing *United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1 (2008)); *Doyle v. United States*, 88 Fed. Cl. 314, 322 (2009) (citing *Dumont v. United States*, 345 F. App'x 586 (Fed. Cir. 2009)); *Musungayi v. United States*, 86 Fed. Cl. 121, 125 (2009).  Other decisions of this court, however, suggest that a complaint should be dismissed for failure to state a claim when recovery is barred by section 6511(b)(2)(A).  *E.g.*, *Murdock v. United States*, 103 Fed. Cl. 389, 392-94 (2012); *Wertz v. United States*, 51 Fed. Cl. 443, 447 (2002) (citing *McGregor v. United States*, 225 Ct. Cl. 566, 567 (1980), and *Rinaldi v. United States*, 30 Fed. Cl. 164, 165 n.2 (1993)).

     In a non-precedential, per curiam opinion issued in 2009, the Federal Circuit stated that section 6511(b)(2)(A) *is* jurisdictional.  *See Dumont*, 345 F. App'x at 590 ("Under this statutory scheme, the provisions in issue in this case – §§ 6511(a), 6511(b)(2), and 6532(a)(1) – are all jurisdictional in nature, and a suit that fails to satisfy any of these provisions must be dismissed for lack of subject matter jurisdiction." (citing *Comm'r v. Lundy*, 516 U.S. 235, 240 (1996), and *In re Long-Distance Tel. Serv. Fed. Excise Tax Refund Litig.*, 539 F. Supp. 2d 281, 296 (D.D.C. 2008))).  However, on July 31, 2013, the Federal Circuit issued a precedential decision affirming the RCFC 12(b)(6) dismissal of a tax refund claim as untimely under section 6511(b)(2)(A).  *See Boeri v. United States*, No. 2012-5102, 2013 WL 3927700, at *1 (Fed. Cir. July 31, 2013) (approving this court's reliance on *Murdock* for the proposition that "the look-back provision [in section 6511(b)(2)(A)] is not 'jurisdictional in nature' and did 'not preclude the court from hearing [Mr. Boeri's] claim'" (quoting *Boeri v. United States*, No. 11-590T, 2012 WL 643901, at *3 (Fed. Cl. Feb. 23, 2012))).[1]

     As the Federal Circuit has reminded this court, the Court of Federal Claims "may not deviate from the precedent of the United States Court of Appeals for the Federal Circuit any more than the Federal Circuit can deviate from the precedent of the United States Supreme Court."  *Crowley v. United States*, 398 F.3d 1329, 1335 (Fed. Cir. 2005).  Therefore, based on this binding precedent, the court must conclude that section 6511(b)(2)(A) does *not* present a jurisdictional bar to

---

     [1] / On August 1, 2013, defendant filed a Notice of Subsequent Authority informing the court of the Federal Circuit's decision in *Boeri*.

6511(b)(2)(A) is jurisdictional.  Several decisions of this court have held that a plaintiff whose recovery is barred by section 6511(b)(2)(A) has failed to establish subject matter jurisdiction for his or her suit.  *E.g.*, *Plati v. United States*, 99 Fed. Cl. 634, 641 (2011) (citing *United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1 (2008)); *Doyle v. United States*, 88 Fed. Cl. 314, 322 (2009) (citing *Dumont v. United States*, 345 F. App'x 586 (Fed. Cir. 2009)); *Musungayi v. United States*, 86 Fed. Cl. 121, 125 (2009).  Other decisions of this court, however, suggest that a complaint should be dismissed for failure to state a claim when recovery is barred by section 6511(b)(2)(A).  *E.g.*, *Murdock v. United States*, 103 Fed. Cl. 389, 392-94 (2012); *Wertz v. United States*, 51 Fed. Cl. 443, 447 (2002) (citing *McGregor v. United States*, 225 Ct. Cl. 566, 567 (1980), and *Rinaldi v. United States*, 30 Fed. Cl. 164, 165 n.2 (1993)).

In a non-precedential, per curiam opinion issued in 2009, the Federal Circuit stated that section 6511(b)(2)(A) *is* jurisdictional.  *See Dumont*, 345 F. App'x at 590 ("Under this statutory scheme, the provisions in issue in this case – §§ 6511(a), 6511(b)(2), and 6532(a)(1) – are all jurisdictional in nature, and a suit that fails to satisfy any of these provisions must be dismissed for lack of subject matter jurisdiction." (citing *Comm'r v. Lundy*, 516 U.S. 235, 240 (1996), and *In re Long-Distance Tel. Serv. Fed. Excise Tax Refund Litig.*, 539 F. Supp. 2d 281, 296 (D.D.C. 2008))).  However, on July 31, 2013, the Federal Circuit issued a precedential decision affirming the RCFC 12(b)(6) dismissal of a tax refund claim as untimely under section 6511(b)(2)(A).  *See Boeri v. United States*, No. 2012-5102, 2013 WL 3927700, at *1 (Fed. Cir. July 31, 2013) (approving this court's reliance on *Murdock* for the proposition that "the look-back provision [in section 6511(b)(2)(A)] is not 'jurisdictional in nature' and did 'not preclude the court from hearing [Mr. Boeri's] claim'" (quoting *Boeri v. United States*, No. 11-590T, 2012 WL 643901, at *3 (Fed. Cl. Feb. 23, 2012))).[1]

As the Federal Circuit has reminded this court, the Court of Federal Claims "may not deviate from the precedent of the United States Court of Appeals for the Federal Circuit any more than the Federal Circuit can deviate from the precedent of the United States Supreme Court."  *Crowley v. United States*, 398 F.3d 1329, 1335 (Fed. Cir. 2005).  Therefore, based on this binding precedent, the court must conclude that section 6511(b)(2)(A) does *not* present a jurisdictional bar to

---

[1] / On August 1, 2013, defendant filed a Notice of Subsequent Authority informing the court of the Federal Circuit's decision in *Boeri*.

recovery, and that defendant's motion is properly viewed as a motion to dismiss for failure to state a claim.

In this case, defendant filed an answer to plaintiff's complaint on July 2, 2012 – more than one year ago. Defendant waited to file its motion to dismiss under RCFC 12(b)(1) until after filing its answer and conducting discovery regarding plaintiffs' allegation that they requested and were granted an extension of time to file their 2006 federal income tax return. Def.'s Mot. at 24. Consequently, any motion to dismiss for failure to state a claim at this juncture would have to be construed as a motion for judgment on the pleadings under RCFC 12(c). *See* RCFC 12(c) ("After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."); *Peterson v. United States*, 68 Fed. Cl. 773, 776 (2005) ("Courts have routinely construed a motion to dismiss for failure to state a claim filed after the answer as a motion for judgment on the pleadings." (citations omitted)). The legal standard applied to evaluate a motion for judgment on the pleadings under RCFC 12(c) is the same as that for a motion to dismiss under RCFC 12(b)(6). *See Zhang v. United States*, 640 F.3d 1358, 1364 (Fed. Cir. 2011).

Unfortunately, the court is unable to dispose of defendant's motion even under RCFC 12(c). Defendant has attached numerous exhibits to its motion and reply in an effort to rebut plaintiffs' contention that they requested and were granted an extension. Both parties rely extensively on these exhibits in support of their respective contentions, and the court cannot consider the merits of these arguments without considering the documents themselves. These materials, presented outside of the pleadings, thus would require a conversion of defendant's motion to a motion for summary judgment. *See* RCFC 12(d) ("If, on a motion under RCFC 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under RCFC 56."); *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*, 988 F.2d 1157, 1164 (Fed. Cir. 1993) (vacating a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) where the trial court had considered materials outside the pleadings, because in those circumstances "the rules governing summary judgment must apply").

In its Notice of Subsequent Authority filed on August 1, 2013, defendant asks the court to treat defendant's motion as a motion for summary judgment under RCFC 56 if the court determines that *Boeri* forecloses the government's argument

that section 6511(b)(2)(A) presents a jurisdictional bar to recovery. Although the court, for the reasons specified above, agrees that the parties' section 6511(b)(2)(A) contentions must be resolved through a motion for summary judgment, the court is unable to treat defendant's RCFC 12(b)(1) motion to dismiss as a RCFC 56 motion for summary judgment because plaintiff has not yet been afforded a "reasonable opportunity to present all the material that is pertinent to the [summary judgment] motion." RCFC 12(d).

The court must provide the parties notice and an opportunity to litigate defendant's motion through the procedures afforded by RCFC 56. *See Easter v. United States*, 575 F.3d 1332, 1335 (Fed. Cir. 2009) ("Before the court may convert a motion for judgment on the pleadings into a motion for summary judgment, the court must ordinarily provide notice of its intention to do so."); *Advanced Cardiovascular*, 988 F.2d at 1164 ("[O]n motion to dismiss on the complainant's pleading it is improper for the court to decide the case on facts not pleaded by the complainant, unless the complainant had notice thereof and the opportunity to proceed in accordance with the rules of summary judgment." (citations omitted)); *Thoen v. United States*, 765 F.2d 1110, 1113-14 (Fed. Cir. 1985) ("[T]he Claims Court Rules contemplate some notice to enable the opposing party to present arguments against the entry of summary judgment . . . ."). For these reasons, the court denies defendant's motion to dismiss and will allow the government an opportunity to advance its section 6511(b)(2)(A) contentions by filing a motion for summary judgment under RCFC 56.

Accordingly, it is hereby **ORDERED** that:

(1) Defendant's Motion to Dismiss the Complaint for Lack of Subject-Matter Jurisdiction, filed on April 26, 2013, is **DENIED**;

(2) Defendant shall **FILE** a **Motion for Summary Judgment** on or before **September 4, 2013**;

(3) Defendant shall **FILE Proposed Findings of Uncontroverted Fact** on or before **September 4, 2013**. The Proposed Findings of Uncontroverted Fact shall contain:

    (A) concise, separately numbered paragraphs setting forth all

5

      of the material facts upon which defendant bases its motion and as to which defendant believes there is no genuine dispute; and

   (B) citations to plaintiffs' pleadings or to documentary evidence, such as affidavits or exhibits, filed with the motion or otherwise part of the record before the court;

(3) Plaintiffs shall **RESPOND** to defendant's Motion for Summary Judgment on or before **October 2, 2013**;

(4) Plaintiffs shall **FILE** a **Response to Defendant's Proposed Findings of Uncontroverted Fact** as a separate docket entry on or before **October 2, 2013**.  Plaintiffs' response shall contain, immediately below each finding:

   (A) a statement indicating whether plaintiffs agree or disagree with the finding as written;

   (B) the basis for any objection to the finding, including citations to defendant's pleadings or to documentary evidence, such as affidavits or exhibits, filed with the response or otherwise part of the record before the court;

   (C) a proposed revision of the finding; and

   (D) any proposed findings of uncontroverted fact as to any relevant matters not covered by defendant, including citations to defendant's pleadings or to documentary evidence, such as affidavits or exhibits, filed with the response or otherwise part of the record before the court.

            <u>/s/Lynn J. Bush</u>
            LYNN J. BUSH
            Judge